```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

```
UNITED STATES OF AMERICA,        §
                                 §
     Plaintiff,                  §
                                 §     Cv. No. 05-2218-B/V
vs.                              §     Cr. No. 03-20031-02-B
                                 §
JONATHAN WOOD,                   §
                                 §
     Defendant.                  §
                                 §
```

```
       ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
           ORDER DENYING CERTIFICATE OF APPEALABILITY
                              AND
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```

Defendant Jonathan Wood, Bureau of Prisons inmate registration number 18814-076, an inmate at the Beckley Federal Correctional Institution in Beaver, West Virginia, filed a pro se motion pursuant to 28 U.S.C. § 2255 on March 21, 2005.

On February 18, 2003, a federal grand jury returned a four-count indictment against Wood and a codefendant. The first count charged both defendants, aided and abetted by each other, with the armed robbery of Trustmark National Bank in Millington, Tennessee on or about January 14, 2003, in violation of 18 U.S.C. §§ 2113(a) & (d) and 2. The second count charged both defendants, aided and abetted by each other, with using and carrying a firearm during and in relation to the bank robbery in count 1, in violation of 18 U.S.C. § 924(c). The third count charged both defendants, aided and abetted by each other, with the armed robbery of Trustmark National Bank in

Millington, Tennessee on or about November 25, 2002, in violation of 18 U.S.C. §§ 2113(a) & (d) and 2. The fourth count charged both defendants, aided and abetted by each other, with using and carrying a firearm during and in relation to the bank robbery in count 3, in violation of 18 U.S.C. § 924(c).

Pursuant to a written plea agreement, Wood appeared before this judge on November 24, 2003 to enter a guilty plea to counts 1, 2, and 3 of the indictment. The Court conducted a sentencing hearing on March 22, 2004, at which time Wood was sentenced to a total of one hundred sixty-two (162) months imprisonment, to be followed by a three-year period of supervised release.[1] The Court also imposed restitution in the amount of $6596.50. Judgment was entered on March 31, 2004. Wood did not take a direct appeal.

Defendant has now filed a § 2255 motion in which he contends that he is entitled to a new sentencing hearing in light of the

---

[1] Wood received 78 months on counts 1 and 3 and a consecutive term of 84 months on count 2. The guideline calculation on count 1 is as follows: Pursuant to § 2B3.1(a) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for bank robbery is 20. Wood received a two-point enhancement, pursuant to U.S.S.G. § 2B3.1(b)(1), because the property of a financial institution was taken and a one-point enhancement, pursuant to U.S.S.G. § 2B3.1(b)(7)(B), because the loss was more than $10,000 but less than $50,000. Thus, the adjusted offense level on count 1 was 23. The guidelines calculation on count 3 is as follows: The base offense level is 20. U.S.S.G. § 2B3.1(a). The presentence report recommended that Wood receive a two-point enhancement because the property of a financial institution was taken, pursuant to U.S.S.G. § 2B3.1(b)(1); a five-point enhancement, pursuant to U.S.S.G. § 2B3.1(b)(2)(C), because a firearm was brandished; a four-point enhancement, pursuant to U.S.S.G. § 2B3.1(b)(4)(A), because a person was abducted to facilitate escape; and a one-level enhancement, pursuant to U.S.S.G. § 2B3.1(b)(7)(B), because the loss was more than $10,000 but less than $50,000. Thus, the recommended adjusted offense level on count 3 was 32. Pursuant to U.S.S.G. § 3D1.4, the combined offense level for counts 1 and 3 was 32. Given his criminal history category of III, the guidelines called for a sentencing range from 108-135 months. The Court rejected the enhancement pursuant to U.S.S.G. § 2B3.1(b)(4)(A), and, therefore, the adjusted offense level was 25 and the sentencing range was 70-87 months on counts 1 and 3. As for count 2, under U.S.S.G. § 2K2.4(b), the guideline sentence is the minimum term required by statute, which, in this case, was 7 years or 84 months. 18 U.S.C. § 924(c)(1)(A)(ii).

Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). Although he does not explicitly say so, Wood presumably would also rely on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).[2]

Wood is not entitled to a new sentencing hearing on the basis of Blakely and Booker because his conviction became final prior to the issuance of those decisions. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 542 U.S. 348, 351-58 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that Blakely and Booker issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). Accordingly, Wood's motion is without merit and is dismissed.

---

[2]   The guidelines calculations in Wood's legal memorandum differ materially from those in the presentence report and, therefore, the specifics of Wood's arguments about the application of the sentencing guidelines are not factually accurate. The Court is aware, however, that Wood's codefendant, William R. Reynolds, had his sentence overturned on direct appeal on the basis of Booker. United States v. Reynolds, No. 04-5516 (6th Cir. July 25, 2005). Reynolds and Wood had originally received the same sentence. After a new sentencing hearing on February 1, 2006, Reynolds was sentenced to a total of 154 months imprisonment, or 70 months on counts 1 and 3 and a consecutive term of 84 months on count 2.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid and therefore, his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to

deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[3]

---

[3] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

In this case, the defendant's claims are clearly not cognizable in a § 2255 motion and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952.[4] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if movant files a notice of appeal, he must also pay the

---

[4] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

      IT IS SO ORDERED this 21st day of August, 2006.

                              <u>s/ J. DANIEL BREEN      </u>
                              UNITED STATES DISTRICT JUDGE